# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 20-cr-226 (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Wesley Rayvon Johnson, | |
| Defendant. | |

---

Amber M. Brennan, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Manvir K. Atwal and Shannon R. Elkins, Assistant Federal Defenders, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415; and Piper Kenney Wold, Law Office of Piper Kenney Wold, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 13;

2. Defendant's Pretrial Motion for Disclosure of 404 Evidence, ECF No. 18;

3. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 19;

4. Defendant's Motion for Discovery and Inspection, ECF No. 20;

5. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 21; and

6. Defendant's Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 22.

A hearing was held on December 15, 2020.  ECF No. 29.  Assistant United States Attorney Amber M. Brennan appeared on behalf of the United States of America (the "Government").  Assistant Federal Defender Shannon R. Elkins appeared on behalf of Defendant Wesley Rayvon Johnson.  Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1.  The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 13, is **GRANTED**.  This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses.  There was no objection by Defendant to the Government's motion.

The Court will address the disclosure of expert witnesses in connection with Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 21.  *See infra* ¶ 5.

2.  Defendant's Pretrial Motion for Disclosure of 404 Evidence, ECF No. 18, is **GRANTED IN PART** and **DENIED IN PART**.  Defendant requests "immediate[]" disclosure of "any 'bad act' or 'similar course of conduct'" evidence the Government intends to offer at trial pursuant to Federal Rule of Evidence 404(b).  ECF No. 18 at 1.  Defendant also requests that the Government "identify the basis for the evidence's admissibility and the witnesses through whom such evidence will be presented."  ECF No. 18 at 1.  The Government objects to the extent Defendant seeks the disclosure of "intrinsic" evidence and states that it will disclose "extrinsic" Rule 404(b) evidence no later than 14 days prior to trial.  Gov't's Consol. Resp. at 2, ECF No. 27.  At the hearing, Defendant had

no objection to the Government's proposed timeline.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A)(prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d

3

699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the parties' agreement, no later than 14 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

3. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 19, is **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government acknowledges its obligations under these authorities, and states that it has complied and will continue to comply with those obligations. The Government objects to Defendant's motion to the extent it seeks information "beyond the requirements of statute and case law." Gov't's Consol. Resp. at 3.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to

4

exculpatory and impeachment evidence, whether or not the accused has specifically requested the information.") (citations omitted). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant.") (quotation omitted); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

5

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials.  If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.  While the Court is not ordering the Government to disclose Jencks Act materials early, *see* 18 U.S.C. § 3500(b); *United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998), the Court encourages the parties to disclose such materials no later than 3 business days before trial.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such requests are denied.  *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").  Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied.  *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

4.   Defendant's Motion for Discovery and Inspection, ECF No. 20, is **GRANTED IN PART** and **DENIED IN PART**.  Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure.  Defendant further requests that, in the event the Government subsequently discovers additional materials previously requested or ordered to be produced, that his counsel be notified.  The Government states that it "has made its Rule 16 disclosures and

6

will continue to supplement its disclosures as additional materials come into its possession." Gov't's Consol. Resp. at 3.

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) remains in the Government's control and has not yet been produced. And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A) through (F) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion. The Court will address the disclosure of expert witnesses in connection with Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 21. *See infra* ¶ 5. To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(A) through (F) or that have already been produced, his motion is denied. *See Johnson*, 228 F.3d at 924.

5. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 21; *see supra* ¶ 4, and the Government's proposal for the disclosure of expert witnesses, *see supra* ¶ 1, are **GRANTED**.

The parties seek the establishment of deadlines for the disclosure of any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). The Government has proposed that the parties make their principal expert disclosures no later than 21 days before trial and any rebuttal expert disclosures no later than 10 days prior to trial. ECF No. 13 at 2; Gov't's Consol. Resp. at 4. At the hearing, Defendant had no objection to the Government's proposed

7

timeline.

Consistent with the parties' agreement, no later than 21 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

6.  Defendant's Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 22, is **GRANTED**. Defendant requests an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes and evidence taken as part of their investigation. The Government does not object to the retention of rough notes, but opposes an order requiring disclosure of rough notes. Gov't's Consol. Resp. at 4-5.

Defendant's request for the retention and preservation of all rough notes and evidence is granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes and evidence pertaining to this matter.

7.  All prior consistent orders remain in full force and effect.

[Continued on next page.]

8. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: January  14 , 2021

       *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Johnson*
Case No. 20-cr-226 (ECT/TNL)