UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 20-cr-226 (ECT/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **PLEA AGREEMENT AND** |
| | ) **SENTENCING STIPULATIONS** |
| WESLEY RAYVON JOHNSON, | ) ) |
| Defendant. | ) |

The United States of America, by and through its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Amber M. Brennan, Assistant United States Attorney, and Defendant Wesley R. Johnson, together with his attorney, Shannon Elkins, agree to resolve this case on the terms and conditions that follow. This Plea Agreement binds only Johnson and the United States Attorney's Office for the District of Minnesota. This Plea Agreement does not bind any other United States Attorney's Office or any other federal or state agency.

PLEA AGREEMENT

1. **Charges**. Johnson agrees to plead guilty to Count 1 of the Information, which charges him with Possession of a Stolen Firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Johnson fully understands the nature and elements of the crime with which he has been charged. In exchange for Johnson's plea to Count 1 of the Information, the United States agrees to dismiss the pending Indictment at sentencing.

2. **Stipulated Facts**. Johnson agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

   a. On August 20, 2020, Minneapolis Police officers responded to shots fired at a business location (a Taco Bell) on Broadway Avenue in North Minneapolis. As officers were arriving on scene, they observed several vehicles and individuals fleeing from the parking lot. One of the vehicles was described as a white Chevrolet Impala bearing MN License plate CDF361. An officer who followed the Impala noted that it drove at a high rate of speed through the community and entered the eastbound lanes of I-94, heading westbound. The Impala then exited onto HWY 252, again traveling the wrong way – heading northbound in the southbound lanes. A witness observed the Impala crash into another vehicle that was traveling southbound on 252. The driver of the other car suffered minor injuries. Johnson exited the vehicle and threw a firearm over the guardrail. He then climbed over the guardrail, recovered the firearm, and then threw it into a storm drain. Johnson was limping because he was injured as a result of the crash.
   b. Officers were ultimately were able to remove the grate for the storm drain, and they recovered a black Glock 23 Gen. 4, 40 caliber semi-automatic pistol bearing serial number YVE380 from the sewer. The firearm had been reported stolen.
   c. Johnson admits that he knew the firearm was likely stolen because he purchased it on the street without providing his name to the seller or filling out any paperwork.
   d. Prior to August 20, 2020, Johnson had been convicted of three felonies to include a 2011 conviction for simple robbery, a 2012 conviction for fleeing police in a motor vehicle, and a 2013 federal conviction for felon in possession of a firearm.
   e. Johnson agrees the Glock was manufactured outside the state of Minnesota and therefore it traveled in interstate commerce before he possessed it on August 20, 2020.

3. **Waiver of Pretrial Motions**. Johnson understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, Johnson knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case and agrees to withdraw the pretrial motions that he has already filed.

## STATUTORY PENALTIES

4. **Maximum Potential Penalties**. The parties agree that Count 1 of the Information carries the following statutory penalties:

   a. a maximum term of ten (10) years in prison;
   b. no mandatory minimum term of imprisonment;
   c. a supervised release term of no more than three (3) years;
   d. a criminal fine of up to $250,000.00; and
   e. a mandatory special assessment of $100.00, which is payable to the Clerk of Court before sentencing.

5. **Additional Consequences**. Johnson understands that as a result of his conviction, he could be assessed the costs of prosecution and additional consequences such as the right to carry firearms, the right to vote, and the right to hold public office.

6. **Revocation of Supervised Release**. Johnson understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

## GUIDELINE SENTENCING STIPULATIONS

7.   **Guideline Calculations**.  Johnson agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. §§ 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").  Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties stipulate that the following Guideline calculations are applicable with respect to Count 1:

   a.   Base Offense Level.  The parties believe Johnson's base offense level is 20 because he committed the offense after sustaining one prior conviction for a violent felony. (U.S.S.G. § 2K2.1(a)(2)).

   b.   Specific Offense Characteristics.  The parties agree that the base offense level should be increased by 2 levels because the firearm was stolen. U.S.S.G. §2K2.1(b)(4)(A). The parties agree no other specific offense characteristics apply.

   c.   Acceptance of Responsibility and Other Chapter Three Adjustments.

   The parties agree that because Johnson recklessly created a substantial risk of death or serious bodily injury in the course of fleeing from law enforcement, the offense level should be increased by 2 levels. U.S.S.G. § 3C1.2.

   The parties agree that if Johnson (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility

4

before the time of sentencing, the Government agrees to recommend that Johnson receive a two-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a), and to move for an additional one-level reduction under §3E1.1(b).

Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion. The parties agree that no other Chapter Three adjustments apply in this case.

d. Criminal History Category. Based on the information currently available to the parties, Johnson's criminal history points would place him in criminal history category VI. (U.S.S.G. §4A1.1). Johnson's actual criminal history and any related status will be determined by the Court based on the information presented in the presentence investigation and by the parties at the time of sentencing. Johnson understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, Johnson will be sentence based on his true criminal history category and will not be permitted to withdraw from this Plea Agreement.

e. Guideline Range. If Johnson's adjusted offense level is 21 (base level 20, increased by 2 levels for possessing a stolen firearm, increased by 2 levels for reckless endangerment during flight, decreased by 3 levels for acceptance of responsibility) and his criminal history category is VI, the advisory Guidelines range is 77-96 months.

f. Fine Range. If the adjusted offense level is 21, the fine range is $15,000 - $150,000. (U.S.S.G. §5E1.2).

g. Supervised Release. The Sentencing Guidelines call for a term of supervised release of at least 1 year but not more than 3 years. U.S.S.G. §§5D1.2(a)(2).

h. Sentencing Recommendations. If the Court determines that Johnson's criminal history category is VI, the United States intends to seek a downward variance based on its view that category VI substantially overstates the seriousness of Johnson's criminal history.

Both parties reserve the right to move for any other departures and/or

5

variances from the applicable guidelines and/or to oppose any motions made by the other party.

8. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determinations regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable advisory Guideline calculations or Johnson's criminal history category are different from that stated above, the parties may not withdraw from this Plea Agreement on that basis, and Johnson will be sentenced pursuant to the Court's determinations.

9. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which Johnson is convicted. U.S.S.G. §5E1.3. Defendant agrees that he is obligated to pay this amount.

10. **Forfeiture**. Johnson agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the following firearm and associated accessories and ammunition: a Glock 23 Gen. 4, 40 caliber semi-automatic pistol bearing serial number YVE380. Johnson agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest

he may have in the property. Johnson waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

11. **Waiver of Freedom of Information Act and Privacy Act**. Johnson waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

12. **Agreement as to Supervised Release Proceeding in 12-cr-308.** Johnson agrees that by pleading guilty in this case, he is also admitting to violating the terms of his supervised release in *U.S. v. Johnson*, 12-cr-308 (JNE). In exchange for the concessions made by Johnson herein, and in consideration of all of the facts and circumstances underlying these two matters, the United States agrees that it will recommend that any sentence the Court imposes on the proceedings to revoke supervised release be served concurrent to the sentence it imposes in this matter. Johnson understands this is only a recommendation and the Court is free to impose a consecutive sentence should it see fit to do so.

13. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and Johnson.

                    W. ANDERS FOLK  
                    Acting United States Attorney

Dated: 7/19, 2021

AMBER M. BRENNAN  
Assistant U.S. Attorney

Dated: 7-19, 2021

WESLEY R. JOHNSON  
Defendant

Dated: July 19, 2021

SHANNON ELKINS  
Assistant Federal Defender  
Attorney for Wesley Johnson

8