UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 20-cr-226 (ECT/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **UNITED STATES' POSITION** |
| v. | ) **ON SENTENCING** |
| | ) |
| WESLEY RAYVON JOHNSON, | ) |
| | ) |
| Defendant. | ) |

## INTRODUCTION

The United States of America, by and through its attorneys, Charles Kovats, Acting United States Attorney for the District of Minnesota, and Amber Brennan, Assistant United States Attorney, hereby files this Position on Sentencing in support of its request that the Court sentence Defendant Wesley Johnson to not more than 70 months imprisonment, to run concurrent with any sentence the Court imposes for violating his supervised release in 12-CR-308 (JNE).

The Government's recommended sentence is based on its position that a Criminal History Category V more accurately reflects the seriousness of Johnson's previous criminal conduct than Category VI. The recommendation also takes into consideration that in his prior federal case, the applicable guidelines range was based on a conviction that was downgraded in severity after he was sentenced, as well as other factors set forth below.

## RELEVANT BACKGROUND

Johnson is a 29-year-old man who has been in prison for most of his short adult life. He was placed in a juvenile treatment center at the age of 17 and then transferred to the Minnesota Correctional Facility at Red Wing where he remained until he was 19. (PSR ¶¶ 38 - 40). Johnson was released from MCF Red Wing in January 2011. That year, at age 19, Johnson committed a simple robbery in May and fled police in a motor vehicle in December. (PSR ¶¶ 45-46). He pled guilty in both cases and served approximately nine (9) months in jail. (*Id.*) Johnson was released from custody in September 2012. In October 2012, at the age of 20, Minneapolis police caught Johnson with a gun, and he was prosecuted in this District for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (PSR ¶ 47).

When Johnson was federally charged in 2012, both his simple robbery and motor vehicle fleeing convictions were deemed to be violent felonies under the sentencing guidelines and the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Johnson also had a juvenile adjudication that the parties believed, at the time, could potentially constitute a third violent felony/ACCA predicate offense. In an effort to mitigate against the possibility that his juvenile conduct would subject Johnson to a 15-year mandatory minimum sentence under the ACCA, the parties agreed that he would plead to possession of a stolen firearm pursuant to 18 U.S.C. § 922(j), an offense that does not trigger the ACCA. The Court determined that Johnson's guidelines were 70-87 months' imprisonment. However, in exchange for the United States' concession allowing Johnson to plead to the non-ACCA triggering offense, the parties agreed to jointly recommend a

sentence in the range of 84-105 months' imprisonment. (See *U.S. v. Johnson*, 12-CR-308 (JNE), Dkt. 41, Plea Agreement). In July 2013, the Court agreed to accept the parties' plea agreement, and sentenced Johnson to 84 months in prison. (PSR ¶ 47).

In June 2015, the United States Supreme Court decided *Johnson v. United States*, 576 U.S. 591 (2015), which effectively overruled its precedent holding that motor vehicle fleeing was a violent felony under the ACCA and also foreclosed any argument that Johnson's juvenile adjudication would constitute an ACCA predicate offense.[1] In the wake of *Johnson*, Wesley Johnson's guidelines range would have been 46-57 months imprisonment on his felon in possession charge without any risk that he would be deemed an Armed Career Criminal.

## ARGUMENT

Johnson has been in trouble with the law off and on since he was *nine* years old. He first tried marijuana at age 10 and began using alcohol on weekends at age 13. Even though Johnson does not claim to have had a tragic upbringing, his criminal history going back to stealing and using marijuana as early as fourth and fifth grade indicates that he had a difficult home life and, at the very least, lacked appropriate supervision. By the time he was 20, Johnson had amassed several juvenile adjudications and been convicted of two adult felonies and three misdemeanors. His only crime of violence, however, was a simple robbery during which he had robbed an acquaintance at gunpoint for $36 and cigarettes. Johnson initially received a stayed sentence, but he ultimately served approximately nine

---

[1] Johnson's case is not related to the *United States v. Johnson* matter and there is no known relation between the two Johnsons.

months in smaller increments after violating his probation three times. (PSR ¶ 45). Shortly after finishing his last jail term on that simple assault – still 20 years old – Johnson was caught with a gun and sentenced to 84 months in federal prison.

It is not uncommon for a change in the law to reduce the sentencing exposure that a defendant might have faced. However, in this instance, a myriad of factors resulted in a 20-year-old man going from spending a few months in the county jail to spending 84 months in federal prison for a crime that would have normally merited a much lower sentence, even by federal standards. Johnson was released from federal prison in October 2019 at age 27. Within seven months he had violated the conditions of his supervision and in May 2020 the Court sent him back to prison for three months. Shortly after his release, Johnson committed the instant offense.

Johnson's conduct in possessing firearms and fleeing from police is serious, and dangerous. His incorrigibility is also troubling, and the United States believes that Johnson should be given a sentence that adequately penalizes him and deters future offenses. Given all the circumstances, however, the United States also respectfully asks the Court to give Johnson a small but significant variance that will provide him with the incentive and the opportunity to choose a new path. Despite his poor decision making, Johnson has always immediately accepted responsibility for his crimes. He has stated his remorse, and his aspiration to build a better future for himself and his family. (PSR ¶¶ 15, 67, 69). Unlike many offenders, Johnson has completed some amount of college coursework at two different schools. (PSR ¶ 81). He now has a child and a partner who want to be with him.

(PSR ¶ 71). He has begun preparations to start a legitimate business. Importantly, Johnson has not committed any offense that has irreparably harmed anyone – yet.

The Court could sentence Johnson within his advisory guidelines range of 77-96 months coupled with a consecutive sentence for violating the terms of his supervised release. Such a disposition would be more than reasonable given his history. The United States respectfully suggests that the benefit to society if Johnson follows a different path after receiving the Court's consideration in this case will far outweigh any benefit of having him serve an additional two or three years in prison.

Based on the foregoing, and the unique circumstances of this case, the United States respectfully recommends the Court sentence Johnson to a term of not more than 70 months imprisonment, to run concurrent with any sentence the Court imposes for violation of his supervised release in 12-CR-308.

Dated: November 10, 2021

Respectfully Submitted,

CHARLES KOVATS
Acting United States Attorney

*s/Amber M. Brennan*
BY: AMBER M. BRENNAN
Assistant U.S. Attorney
Attorney ID No. 0285961